MINUTE ENTRY   jury trial day 4.  Eight jurors were present and began deliberation at 9:00am.  Court received a note from the jury at 10:50am.  Court summoned counsel to the courtroom and out of the presence of the jurors the note was read.  The request of the jury was granted.  Jurors wee escorted to lunch at 11:30 and returned to deliberate at 1:00pm.  At 3:40pm.  Court received a note that the jury had reached a verdict.  Counsels were called to return to the court.  At 4:00pm.  court reconvened and the jurors were brought back into the courtroom and the verdict was read as follows:

In the United States District Court for the Northern Mariana Islands, Rudy C. Aguon, Plaintiff, vs. Commonwealth Ports Authority and Antonio B. Cabrera, in his official capacity as Manager of the Commonwealth Ports Authority, Defendants. Verdict.  As to Defendant Commonwealth Ports Authority ("CPA"): 1.  Did defendant CPA violate the due process rights of the plaintiff under 42 U.S.C. Section 1983 by suspending him from work? Yes.  2.  Do you find that the plaintiff suffered any damages?  Yes.  3.  In what amount of dmages do you award plaintiff?  As to Lost Wages: $778.40 ; As to Mental Distress $1.00.   4.  Did defendant CPA violate the due process rights of the plaintiff under 42 U.S.C. Section 1983 by intentionally discriminating against him by denying him annual leave?  No.  7.  Did defendant CPA violate the due process rights of the plaintiff under 42 U.S.C. Section 1983 by intentionally discriminating against him by denying him sick leave? Yes.  8.  Do you find that plaintiff suffered any damages.  Yes.  9.  In what amount of damages do you award plaintiff?  As to Lost Wages: $77.84.  As to Mental Distress: $1.00. 10.Did defendant CPA violate the equal protection  rights of the plaintiff under 42 U.S.C. Section 1983 by intentionally discriminating against him by denying him annual leave?  No.  13.  Did defendant CPA violate the equal protection  rights of the plaintiff under 42 U.S.C. Section 1983 by intentionally discriminating against him in the assignment of duties which were not in his job description?  Yes.   14.  Do you find that plaintiff suffered any damages?  Yes.   15.  In what amount of damages do you award plaintiff?  As to Lost Wages: 1.00 As to Mental Distress $2,846.02.  Please answer the following questions as to Defendant Antonio B. Cabrera, acting in his official capacity as CPA Ports Manager: 1.  Did defendant Cabrera, acting in his official capacity, violate the due process rights of the plaintiff under 42 U.S.C. Section 1983 by denying him annual leave? Yes.  2.  Do you find that plaintiff suffered any damages? No.  4.  Did defendant Cabrera, acting in his official capacity, violate the due process rights of the plaintiff under 42 U.S.C. Section 1983 by intentionally discriminating against him by denying him sick leave? Yes.  5.  Do you find that plaintiff suffered any damages?  Yes.  6.  In what amount of damages do you award plaintiff?  As to Lost Wages $77.84, As to Mental Distress $1.00. 7.Did defendant Cabrera, acting in his official capacity, violate the equal protection rights of the plaintiff under 42 U.S.C. Section 1983 by denying him annual leave?    No.  10.  Did defendant Cabrera, acting in his official capacity, violate the equal protection  rights of the plaintiff under 42 U.S.C. Section 1983 by intentionally discriminating against him in the assignment of duties which were not in his job description? Yes.  11.  Do you find that the plaintiff suffered any damages? No.

Court excused the jurors at 4:12pm.  Attorney Yana moved for attorney fees.  Court ordered that plaintiff has ten days in which to file a claim for attorney's fees under 42 U.S.C. 1988 and that counsel for defendant shall have ten days in which to file an opposition and that no hearing is scheduled at this time and the Court will decide the issue of attorney's fees unless the court deems it necessary to hold such a hearing.  Court ordered that copies of the verdict form be provided to both counsel.;   [MCM EOD 05/11/2001]